2015R00155--SSG



FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB 19  PM 12:48

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Shelly S. Glenn                                        Suite 400                    DIRECT: 410-209-4893
Special Assistant United States Attorney               36 S. Charles Street           MAIN: 410-209-4800
Shelly.Glenn@usdoj.gov                                 Baltimore, MD 21201-3119        FAX: 410-962-3091

February 8, 2016

Laura Abelson, Esquire
Assistant Federal Public Defender
100 South Charles Street
Bank of America Tower II, Suite 900
Baltimore, Maryland 21201

      Re:    *United States v. William Hunt*
             *Criminal No. JFM-15-0369*

Dear Mrs. Abelson:

       This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by February 19, 2016 it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

       1.     The Defendant agrees to waive indictment and plead guilty to Count One of the superseding criminal information filed on February 16, 2016, in which he is charged with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. The Defendant waives a preliminary hearing on the matter and will plead guilty. Further, the Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

       2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

2015R00155--SSG

That on or about January 15, 2015, in the District of Maryland,

a.    The Defendant unlawfully obtained or took the property of another, or from the presence of another;

b.    The Defendant took this property against the victim's will, by actual or threatened force, violence or fear of injury, whether immediately or in the future; and

c.    The Defendant's actions, obstructed, delayed, or affected interstate commerce.

Penalties

3.    The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: 20 years imprisonment, followed by a term of supervised release of up to three years, and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.1 If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. §§ 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

Waiver of Rights

4.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

---

[1]    Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

2015R00155--SSG

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.  If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.  By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.  Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.  Removal and other immigration consequences are the subject of

2015R00155--SSG

a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

## Statement of Facts

On January 15, 2015, at approximately 3:55pm, police were dispatched to 'Lil's Natural Hair and Cutz', a barber shop, located at 1401 North Central Avenue, in Baltimore, in the District of Maryland, for a commercial armed robbery.   A woman identified herein as V1 explained to police that she was alone in the store when two men entered and inquired if anyone was cutting hair.  V1 called the barber, V2, who was nearby.  When V2 returned to the store a short time later, V1 was on her cellphone with her sister.  When she looked up, she saw V2 struggling with the defendant, William Hunt.  The defendant then pulled out a black handgun from his "hoodie" jacket pocket and pointed it at V2.  At that point, the second suspect took cash, jewelry and a cellphone from the victims while the Defendant, Hunt, continued to point the gun at them.  Hearing what was happening over the phone, V1's sister called 911.

Police arrived on the scene while the robbery was still in progress.  The second suspect then kicked in the door to the basement, at which point, the Defendant and the other suspect took V1 to the basement of the building.  Once in the basement, the Defendant wiped the gun off and handed it to V1, who hid it under a heater, where it was later recovered by police.

At the same time, the second victim, V2, ran to the front door, unlocked it, and informed the officers the two men were robbing the store and had a gun.  Officers observed the storm door from the basement of the building open and the suspects exit and run eastbound on Hoffman Street.  Officers immediately gave chase and apprehended the Defendant, William Hunt.  The second suspect was not apprehended.

2015R00155--SSG

The gun which the defendant possessed was recovered by police and determined to be a Smith & Wesson, Model M&P 40, .40 caliber semi-automatic pistol, serial number MPA5690, which was loaded with twelve Federal .40 Smith & Wesson full metal jacket cartridges.

The barbers and stylists (V1 and V2) used equipment and products which travel in interstate commerce. As a result of the Defendant's actions, interstate commerce was impacted, delayed, obstructed, and affected, as the barbershop was closed during investigation of the robbery and suffered a financial loss therefrom.

## Guideline Stipulations

a.      The parties stipulate and agree that the **base offense level is at least 20** pursuant to U.S.S.G. § 2B3.1. The Defendant brandished a firearm, therefore 5 points are added pursuant to U.S.S.G. § 2B3.1(b)(2)(B). Therefore the **adjusted offense level is at least a 25.**

b.      This Office reserves the right to argue that the Defendant is a Career Offender under U.S.S.G. § 4B1.1; as such, this office will argue that the Defendant's offense level is a **32.** The Defendant disputes this classification.

c.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. Section 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final base offense level is therefore either 22 or 29.**

d.      The parties agree that the Defendant's **criminal history category is VI.**

e.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

2015R00155--SSG

### Obligations of the United States Attorney's Office

7.    At the time of sentencing, this office will recommend a reasonable sentence consistent with the factors enumerated in 18 U.S.C. § 3553(a) and **not to exceed 151 months.**

8.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Forfeiture

9.    The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all right, title, and interest in the following firearm:

> Smith & Wesson, Model M&P 40, 40 caliber semi-automatic pistol, serial number MPA5690, and twelve (12) Federal .40 Smith & Wesson full metal jacket cartridges.

### Waiver of Appeal

10.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

2015R00155--SSG

## Obstruction or Other Violations of Law

11.   The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case.   In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement.   Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.   As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence.   The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

12.   The Defendant expressly understands that the Court is not a party to this agreement.   In the federal system, the sentence to be imposed is within the sole discretion of the Court.   In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.   The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.   Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.   The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.   The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement.   The Defendant understands that neither the prosecutor, his counsel, or the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.   The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

13.   This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.   The Defendant acknowledges that there are no other

2015R00155–SSG

agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By:
Shelly S. Glenn
Special Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed very part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

2-12-16
Date

William Hunt

I am William Hunt's attorney. We have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises us that he understands and accepts its terms. To our knowledge, his decision to enter into this agreement is an informed and voluntary one.

2/12/16
Date

Laura Abelson, Esquire