IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-369 |
| WILLIAM HUNT, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant William Hunt was sentenced to a period of 120 months' imprisonment on August 5, 2016. (ECF No. 36.) Hunt has now filed a Motion for Compassionate Release in light of the COVID-19 Pandemic. (ECF No. 74.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the request is DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted "by the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* This authority empowers the Court to reduce the sentence of an incarcerated individual who proves that documented medical conditions place him at a substantially heightened risk of suffering death or severe illness from COVID-19. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at \*2 (D. Md. June 17, 2020). However, a defendant may move for a sentence reduction under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

1

Hunt does not provide the Court with any records demonstrating that he has exhausted administrative remedies by making the necessary request to the warden of his facility. After summarily alleging that he "reached out the Warden," Hunt asks the Court to waive the administrative exhaustion requirement set forth in § 3582(c)(1)(A), arguing that he is "particularly vulnerable to the virus due to his underlying health issues," and "[r]efusal to act on administrative grounds carries potential for severe bodily harm and even death." (ECF No. 74-1 at 16.)

This Court has held that, regardless of whether § 3582(c)(1)(A)'s requirements are jurisdictional, this provision mandates that the defendant exhaust his or her administrative remedies prior to seeking relief in this Court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Williams*, Civ. No. JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020). While Hunt's "underlying health issues" may qualify as extraordinary and compelling reasons for compassionate release, they will not excuse him from complying with § 3582(c)(1)(A)'s administrative exhaustion requirement. Thus, because Hunt has failed to provide evidence that he has pursued the procedure established by § 3582(c)(1)(A), this Court may not modify his sentence.[1]

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Hunt's legitimate concerns about his living situation. However, this Court is limited by the existing statutory authority in the relief it may consider. Accordingly, Hunt's Request for Compassionate Release (ECF No. 74) is DENIED without prejudice.

---

[1] Hunt may renew his motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

DATED this 24 day of February, 2021.

BY THE COURT:

_James K. Bredar_
James K. Bredar
Chief Judge